IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN SAINT FELIX,                          3:13-CV-00447-BR

       Plaintiff,

                                OPINION AND ORDER

v.

GUARDSMARK, LLC,

       Defendant.

GERALD NOBLE
Invision Law Firm
6830 N.E. Broadway
Suite 17
Portland, OR 97213-5374
(503) 208-4260

      Attorneys for Plaintiff

MICHAEL J. SANDMIRE
Ater Wynne, LLP
1331 N.W. Lovejoy Street
Suite 900
Portland, OR 97209-2785
(503) 226-1191

      Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on the Motion (#12) for Summary Judgment of Defendant Guardsmark, LLC and the Motion (#37) for Leave to Amend Pleading of Plaintiff John Saint Felix.

For the reasons that follow, the Court **GRANTS** Defendant's Motion (#12) for Summary Judgment, **DENIES** Plaintiff's Motion (#37) for Leave to Amend Pleading, and **DISMISSES** this matter **with prejudice.**

<u>**BACKGROUND**</u>

The following facts are undisputed unless otherwise noted:

Plaintiff and Defendant entered into an employment agreement (Agreement) on October 26, 2011.  Paragraph 19 of the Agreement provides:

> All legal disputes between the parties shall be resolved in accordance with the Guardsmark Dispute Resolution Policy [(DRP)]. . . . Except for charges or claims filed with the Equal Employment Opportunity Commission or under any of the statutes enforced by said agency, any legal action or proceeding relating to or arising out of this Agreement or the employment of Employee by GUARDSMARK must be brought by Employee *within six months of the date the cause of action arose or it shall be time-barred.*

Emphasis added.

Plaintiff worked for Defendant as a security officer from November 2, 2011, until Defendant terminated Plaintiff's

2 - OPINION AND ORDER

employment "no later than August 9, 2012." The parties agree Plaintiff's claims in this matter arose no later than August 9, 2012.

Despite reference to a DRP in Paragraph 19 of the Agreement, Defendant did not have such a policy either at the time that Plaintiff signed the Agreement or at any time during Plaintiff's employment. Defendant, however, did not inform Plaintiff that it did not have a DRP at any point during that period.

On February 13, 2013, Plaintiff filed this lawsuit against Defendant in state court[1] alleging causes of action against Defendant for employment discrimination and retaliation pursuant to Oregon Revised Statute § 659A.030 and interference with Oregon Family Medical Leave Act (OFMLA) rights under Oregon Revised Statutes §§ 659A.183 and 659A.159 and retaliation arising from Plaintiff invoking his OFMLA rights. The claims asserted by Plaintiff in this matter do not arise under any statutes enforced by the Equal Employment Opportunity Commission (EEOC).

On March 15, 2013, Defendant removed this case to this Court. On May 23, 2013, this Court issued a Case Management Order (#10) setting a deadline of October 31, 2013, for the parties to amend their pleadings.

On July 3, 2013, Defendant filed its Motion (#12) for

---

[1] Plaintiff originally filed this action in Multnomah County Circuit Court on February 13, 2012, and Defendant removed it to this Court on March 15, 2013.

3 - OPINION AND ORDER

Summary Judgment on the basis that Plaintiff's claims are all time-barred pursuant to Paragraph 19 of the Agreement.  The Court heard oral argument on Defendant's Motion (#12) on December 20, 2013.

At oral argument Plaintiff argued for the first time that Defendant should be equitably estopped from relying on a statute of limitations defense because Defendant allegedly failed to provide Plaintiff with a copy of the Agreement on which the Motion is based before June 6, 2013.  If he had received a copy of the Agreement from Defendant sooner, Plaintiff argued he could have filed claims against Defendant with the EEOC and thereby effectively extended the time within which the Agreement requires claims to be brought.  Based on these new arguments, Plaintiff requested leave of Court to supplement the record in response to Defendant's motion.  Because it appeared to the Court that Plaintiff's counsel may not have been aware of information relevant to the period within which the Agreement required Plaintiff to file his claims in this matter, the Court granted Plaintiff's oral motion for leave to supplement his pleadings.[2]

On January 17, 2013, Plaintiff filed a Supplemental Memorandum (#40) in Response to Defendants' Motion as well as his

---

[2]  The Court granted the oral motion on condition that Plaintiff's counsel contact the Professional Liability Fund to obtain repair counsel to assist Plaintiff's counsel in handling his supplemental response.  The Court understands this condition has been satisfied.

4 - OPINION AND ORDER

Motion (#37) for Leave to Amend Pleading to add claims against
Defendant under 42 U.S.C. § 1988 (Title VII).

The Court took Defendant's Motion (#12) and Plaintiff's
Motion (#37) under advisement on February 5, 2014.


## PLAINTIFF'S MOTION (#37) FOR LEAVE TO AMEND

### I.   Standards

Federal Rule of Civil Procedure 15(a) provides a party may
amend a pleading after a responsive pleading has been filed only
by leave of court unless the opposing party consents to the
amendment.  Rule 15(a), however, also provides leave to amend
"shall be freely given when justice so requires."  This policy is
to be applied with "extreme liberality."  *Moss v. United States
Secret Svc.*, 572 F.3d 962, 972 (9th Cir. 2009).

The Supreme Court has recognized several factors that a
district court should consider when determining whether justice
requires the court to grant leave to amend.  Those factors
include

> undue delay, bad faith or dilatory motive on the part
> of the movant, repeated failure to cure deficiencies by
> amendments previously allowed, undue prejudice to the
> opposing party by virtue of allowance of the amendment,
> futility of the amendment.

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th
Cir. 2003)(quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## II.  Discussion

### A.   Plaintiff's Proposed Amendment

Plaintiff requests leave to amend his Complaint to add claims for discriminatory reprimands/discipline, retaliation, and discriminatory termination under Title VII and to include a prayer for attorneys' fees pursuant to Title VII.  Plaintiff contends he failed to assert these claims sooner because Defendant improperly withheld a copy of the Agreement until June 6, 2013, which was one day after the EEOC statute of limitations on Plaintiff's Title VII claims had run.

### B.   Defendant's Opposition

Defendant contends Plaintiff should not be granted leave to file an amended complaint to add Title VII claims because (1) Plaintiff has failed to show good cause why he did not assert these claims prior to the October 31, 2013, deadline for amending pleadings pursuant to the Case Management Order (#10) and (2) Plaintiff's proposed amendment is futile because (a) Plaintiff waived his right to assert Title VII claims when he filed this lawsuit in state court and (b) his Title VII claims are, in any event, time-barred.  The Court agrees.

#### 1.   Failure to Show Good Cause

When a case-management order sets a deadline for amending pleadings and the deadline has passed, the liberal policy regarding amendment of pleadings no longer applies.

6 - OPINION AND ORDER

*Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2002).
The modification of a scheduling order to allow amendment under
such circumstances requires leave of Court and a showing of good
cause. *Id.*

Pursuant to Local Rule 16-3, a party seeking leave to
amend its Complaint after the case-management order deadline
must:

(1) Show good cause why the deadlines should be
modified.
(2) Show effective prior use of time.
(3) Recommend a new date for the deadline in question.
(4) Show the impact of the proposed extension upon
other existing deadlines, settings, or schedules.

Although Plaintiff contends he received a copy of the
Agreement on June 6, 2013, the Court notes he did not raise the
issue of Defendant's allegedly late production of the Agreement
until more than six months later on December 20, 2013, and did
not attempt to amend his Complaint until January 17, 2013. Even
if Plaintiff is correct that Defendant is somehow at fault for
failing to provide Plaintiff with a copy of the Agreement sooner
and even if such late production was the reason that Plaintiff
was unaware of the time-limitation provisions in the Agreement as
they relate to his proposed EEOC claims, Plaintiff has not
offered any reason for his failure to seek to amend his Complaint
in the almost five months between his receipt of the Agreement on
June 6, 2013, and the October 31, 2013, case-management deadline
for such proposed amendments.

7 - OPINION AND ORDER

Accordingly, the Court concludes Plaintiff has not shown good cause for his failure to seek to amend his Complaint sooner.

**2.   Futility**

Defendant also argues Plaintiff's Motion should be denied because Plaintiff's proposed amendments are futile.

A proposed amendment to a complaint "'is futile only if no set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim.'" *Sweaney v. Ada Cnty., Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997)(quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). *See also Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008)(proposed amendment to a complaint is futile when the "complaint could not be saved by any amendment."). A plaintiff should be afforded an opportunity to test his claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended complaint would be dismissed for failure to state a claim under Federal Rule Civil Procedure 12(b)(6). *See Miller*, 845 F.2d at 214. *See also AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 957 (9th Cir. 2006).

Defendant contends Plaintiff's proposed amendments to add Title VII claims are futile at this point because those claims were time-barred when Plaintiff filed this action on

February 13, 2013.  Pursuant to 42 U.S.C. § 2000e-5(e)(1), a
plaintiff has 180 days to file a charge with the EEOC.  The 300-
day statute of limitations referenced by Plaintiff is, in fact,
an extension to the 180-day statute of limitations applicable
only when the plaintiff has first instituted proceedings with the
"State or local agency with authority to grant or seek relief,"
which is the Oregon Bureau of Labor and Industries in Oregon.  42
U.S.C. § 2000e-5(e)(1) provides:

> A charge under this section shall be filed
> within one hundred and eighty days after the
> alleged unlawful employment practice occurred
> and notice of the charge (including the date,
> place and circumstances of the alleged
> unlawful employment practice) shall be served
> upon the person against whom such charge is
> made within ten days thereafter, except that
> in a case of an unlawful employment practice
> with respect to which the person aggrieved
> has initially instituted proceedings with a
> State or local agency with authority to grant
> or seek relief from such practice or to
> institute criminal proceedings with respect
> thereto upon receiving notice thereof, such
> charge shall be filed by or on behalf of the
> person aggrieved within three hundred days
> after the alleged unlawful employment
> practice occurred, or within thirty days
> after receiving notice that the State or
> local agency has terminated the proceedings
> under the State or local law, whichever is
> earlier, and a copy of such charge shall be
> filed by the Commission with the State or
> local agency.

Plaintiff does not contend he had instituted
proceedings with BOLI, and, in any event, Plaintiff appears to
have waived his right to do so when he filed this action.  *See*

9 - OPINION AND ORDER

Or. Rev. Stat. 659A.870(1)("[T]he filing of a civil action by a person in circuit court pursuant to ORS 659A.885, or in federal district court under applicable federal law, waives the right of the person to file a complaint with the Commissioner of the Bureau of Labor and Industries under ORS 659A.820 with respect to the matters alleged in the civil action."). Accordingly, the Court concludes the 180-day statute of limitations set forth in 42 U.S.C. § 2000e-5(e)(1) rather than the 300-day limitation period applies to the Title VII claims that Plaintiff now seeks to assert against Defendant.

In his proposed Amended Complaint Plaintiff alleges his Title VII claims arose on August 9, 2012. As noted, Plaintiff filed his action in state court on February 13, 2013, which was 188 days after Plaintiff contends his Title VII claim arose. The Court, therefore, concludes any Title VII claims Plaintiff had that arose out of the conduct alleged in Plaintiff's proposed Amended Complaint were not filed within 180 days after Plaintiff's claims accrued and, accordingly, were time-barred at the time he filed this action in state court. Moreover, any action or inaction by Defendant with respect to discovery after Plaintiff filed this action does not have any bearing on Plaintiff's earlier failure to timely file a charge with the EEOC regarding his alleged Title VII claims.

The Court, therefore, concludes Plaintiff's proposed

amendment would be futile.

## III. Conclusion

Accordingly, on this record the Court **DENIES** Plaintiff's Motion (#37) for Leave to Amend on the grounds that Plaintiff has not shown good cause for his failure to amend his Complaint to include his proposed Title VII claims, and, in any event, such amendments would be futile.

## <u>DEFENDANT'S MOTION (#12) FOR SUMMARY JUDGMENT</u>

## I.    Standards

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States*, No. 09-36109, 2011 WL 723101, at *8 (9th Cir. Mar. 3, 2011). *See also* Fed. R. Civ. P. 56(a).  The moving party must show the absence of a dispute as to a material fact.  *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005).  In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine dispute as to a material fact for trial.  *Id*.  "This burden is not a light one . . . .  The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)(citation omitted).

11 - OPINION AND ORDER

A dispute as to a material fact is genuine "if the evidence
is such that a reasonable jury could return a verdict for the
nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d
1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby,
Inc.*, 477 U.S. 242, 248 (1986)).  The court must draw all
reasonable inferences in favor of the nonmoving party.  *Sluimer
v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010).  "Summary
judgment cannot be granted where contrary inferences may be drawn
from the evidence as to material issues." *Easter v. Am. W. Fin.*,
381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts
Ctr., Ltd. v. Carpenters Local Union No. 1936,* 680 F.2d 594, 598
(9th Cir. 1982)).  The court, however, is not required to examine
the entire file for evidence establishing a genuine issue of
material fact where the evidence is not set forth in the opposing
papers with adequate references.  *Deering v. Lassen Cmty. Coll.
Dist.,* No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D.
Cal., Jan. 20, 2011)(citations omitted).

A "mere disagreement or bald assertion" that a genuine
dispute as to a material fact exists "will not preclude the grant
of summary judgment." *Deering*, 2011 WL 202797, at *2(citing
*Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1987)).  *See
also Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir.
1990).  When the nonmoving party's claims are factually
implausible, that party must "come forward with more persuasive

evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)). The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id*.

## II. Discussion

As noted, Defendant contends it is entitled to summary judgment because Plaintiff's claims are time-barred pursuant to Paragraph 19 of the Agreement, which required Plaintiff to file this action within six months of the accrual of Plaintiff's claims. According to Defendant, therefore, Plaintiff was required to file his action by February 11, 2013,[3] because his claim accrued on August 9, 2012.

### A.   Governing Law.

Paragraph 19 of the Agreement provides in pertinent part:

> The law of the State of Tennessee will govern the interpretation, validity, and effect of this agreement, without regard to the place of making or the place of performance or the laws or rules relating to choice of law or conflict-of-laws.

---

[3]  Because February 9, 2013, fell on a Saturday, the last day on which Plaintiff could have filed his lawsuit was Monday, February 11, 2013. *See* Federal Rule of Civil Procedure 6(a)(1)(C).

The parties, however, agree Oregon law governs the interpretation, validity, and effect of the Agreement because it is a "contract of employment for services to be rendered primarily in Oregon by a resident of Oregon." *See* Or. Rev. Stat. § 15.320(3).

**B.    Contractual-Limitation Periods Are Permitted under Oregon Law.**

Oregon law allows contractual limitations on the filing of actions arising from the contract. *See Fink v. Guardsmark, LLC*, 3:03-cv-1480-BR, 2004 WL 1857114, at *3 (D. Or. 2004)(Brown, J.).[4]  Defendant moved for summary judgment in *Fink* on the same grounds as it does here:  The six-month contractual-limitation period set out in the employment agreement barred the plaintiff's claim, which was filed more than six months after the plaintiff's claim accrued.  *Id.*  The Court upheld the contractual-limitation period and granted summary judgment in favor of the defendant. The Court noted "although Oregon appellate courts have not addressed a contractual provision that purports to limit the time for filing a statutory or common law employment action, . . . [c]ourts in other jurisdictions have upheld similar contractual limitations in employment actions."  Id., at *4 (citing *Soltani v. Western & Southern Life Ins. Co.*, 258 F.3d 1038 (9th Cir. 2001)(applying California law); *Timko v. Oakwood*, 625 N.W.2d 101

---

[4]    Coincidentally, *Fink* was decided by this Court, and Defendant in this case was also the defendant in *Fink*.

(Mich. App. 2001); *Taylor v. Western and Southern Life Ins. Co.*, 966 F.2d 1188 (7th Cir. 1992)(applying Illinois law)). Accordingly, this Court predicted "the Oregon Supreme Court would reach a similar conclusion in circumstances such as those presented there." The Court, therefore, concluded "Oregon law does not prohibit enforcement of the contractual limitation." *Id.*, at *4.

Since this Court's decision in *Fink*, the Oregon Court of Appeals in *Hatkoff v. Portland Adventist Medical Center* upheld a 90-day contractual-limitation period in an employment context. 252 Or. App. 210 (2012). In *Hatkoff* the plaintiff brought claims for employment discrimination. A provision in the defendant-employer's handbook required an employee to "submit a written grievance and [employee's] requested solution . . . within 90 calendar days of the event giving rise to the grievance" and stated failure to do so "shall result in the waiver of [the employee's] right to pursue the underlying issue in court or arbitration." *Id.* at 214-15. The defendant-employer contended the plaintiff was precluded from raising his claim in court because he had failed to follow the defendant's internal grievance and arbitration procedures. The appellate court concluded the 90-day contractual time-limit for initiating the grievance process was not unconscionable and affirmed the trial court's dismissal of the action on the grounds that the

15 - OPINION AND ORDER

plaintiff's claim was time-barred.  The appellate court reasoned:
"[P]arties are free to contractually limit the timeframe in which
to bring a claim, and that limit will be enforced unless
unreasonable."  *Id.* at 222 (citing *Biomass One, L.P. v. S-P
Constr.*, 103 Or. App. 521, 526 n.4 (1990); *Ausplund v. Aetna
Indem. Co.*, 47 Or. 10, 22 (1905); *Thurman v. Daimler Chrysler,
Inc.*, 397 F.3d 352, 358 (6th Cir. 2004)).

Accordingly, the Court concludes in this case that the six-
month contractual limitation in Paragraph 19 of the Agreement as
to the filing of an action based on the Agreement is not
unreasonable and, therefore, is enforceable.

### C.   Equitable Defenses to the Enforcement of the Contractual Limitation.

Plaintiff does not dispute Oregon law allows contractual
limitations on claims.  Plaintiff instead argues the six-month
limitation period in the Agreement is not binding because (1) the
Agreement was the product of intentional, unintentional, or
negligent misrepresentation;[5] (2) Defendant is equitably estopped
from enforcing the Agreement; and (3) Defendant materially
breached the Agreement by not having a DRP.  Plaintiff requests
the Court to rescind the Agreement on these grounds.  The Court
notes rescission is an equitable remedy.  *See Koch v. Sky Tech,*

---

[5]   Plaintiff also contends the Agreement is not enforceable
because it was the product of fraud, but Plaintiff clarified this
defense in his Supplemental Memorandum (#27) as being one of
"intentional misrepresentation."

*Inc*. 263 Or. 425, 434 (Or. 1972).

In light of the fact that Plaintiff asserts misrepre-
sentation, equitable estoppel, and breach as defenses to the
enforceability of the Agreement's contractual time-limitation
rather than as claims for relief, the Court construes Plaintiff's
assertions as requests for the Court to find the Agreement is not
enforceable and analyzes Plaintiff's defenses accordingly.

    **1.   Misrepresentation and Equitable Estoppel**.

    **a.  Elements**.

The elements of the defense of intentional
misrepresentation are:  "(1) a representation; (2) its falsity;
(3) its materiality; (4) the speaker's knowledge of its falsity
or ignorance of its truth; (5) his intent that it should be acted
on by the person and in the manner reasonably contemplated;
(6) the hearer's ignorance of its falsity; (7) his reliance on
its truth; (8) his right to rely thereon; and (9) his consequent
and proximate injury." *Johnsen v. Mel-Ken Motors, Inc*. 134 Or.
App. 81, 89 (1995)(citations and quotations omitted).

The elements of the defense of negligent
misrepresentation are:  (1) the defendant was acting in the
course of his business, profession, or employment; (2) the
defendant supplied false information; (3) the information was for
the guidance of others in their business transactions; (4) the
plaintiff justifiably relied upon the information; (5) the

information caused pecuniary loss; and (6) the defendant failed to exercise reasonable care or competence in obtaining or communicating the information. *Onita Pac. Corp. v. Trustees of Bronson*, 315 Or. 149, 156-57 (1992)(citing *Restatement (Second) of Torts* § 552 (1977)).

The elements of equitable estoppel are:  (1) a false representation, (2) made by someone having knowledge of the truth, (3) to one who was ignorant of the truth, (4) made with the intention that the other party act upon it, and (5) the other party acted upon it. *In re Marriage of Menard*, 180 Or. App. 181, 187 (2002).

### b.    Reliance and Materiality

As noted, the parties agree Defendant did not have a DRP as referenced in Paragraph 19 of the Agreement at the time that Plaintiff was hired.  Defendant contends, however, even if this constitutes a misrepresentation, it does not permit Plaintiff to avoid the contract because it was not a material misrepresentation that Plaintiff relied on when he entered into the Agreement.

"In order to establish a case of misrepresentation in avoidance of the contract, the plaintiffs must prove that the defendants made a false statement of material fact upon which the plaintiffs justifiably relied in making their decision to [enter the contract]." *Miller v. Noel*, 51 Or. App. 243, 247 (1981)

18 - OPINION AND ORDER

(quoting *Hampton v. Sabin*, 49 Or. App. 1041 (1980)).  A
misrepresentation is material when it would likely affect the
conduct of a reasonable person.  *Millikin v. Green*, 283 Or. 283,
285 (1978).  *See also Woodtek, Inc. v. Musulin*, 263 Or. 644, 653
(1972)("The misrepresentation must be of such a nature that
without it the contract would not have been consummated.").

     As noted, Plaintiff contends Defendant
intentionally or negligently misrepresented to Plaintiff that it
had a DRP.  According to Plaintiff, he "fully expected that [his]
employment with Guardmark to [*sic*] be governed by the [*sic*] all
of the terms in the agreement," including the opportunity to
resolve any legal dispute in accordance with Guardsmark's DRP.
*See* Decl. John Saint Felix (#21) in Support of Pl.'s Resp. to
Def.'s Mot. at ¶ 4; Pl.'s Supple. Mem. (#27) at 3.  In
particular, Plaintiff states in his Declaration:  "I would have
engaged in any programs offered by Guardsmark including, but not
limited to, dispute resolution to address and attempt to resolve
the issues alleged in this lawsuit."  Saint Felix Decl. at ¶ 7.

     As noted, a "mere disagreement or bald assertion"
that a genuine dispute as to a material fact exists "will not
preclude the grant of summary judgment."  *Deering,* 2011 WL
202797, at *2.  Plaintiff, as the nonmoving party, is required
"do more than show there is some 'metaphysical doubt' as to the
material facts at issue."  *Oracle*, 627 F.3d at 387 (citation

omitted).

The Court concludes Plaintiff has not set forth sufficient evidence to support an inference that Defendant's representation that it had a DRP was material or that Plaintiff relied on that representation when he entered into the Agreement. Specifically, Plaintiff has not established or even alleged or suggested he would not have entered into the Agreement if he had known Defendant did not have a DRP.  In addition, even after this dispute arose, Plaintiff has not shown or even alleged he inquired about or attempted to invoke a DRP before filing this lawsuit against Defendant or that the absence of a DRP had any causal connection with his failure to file this action within the time provided in the Agreement.  Finally, Plaintiff does not provide a valid basis to support a conclusion that the time-limitation defense on which Defendant is moving does not apply.

As the Court has pointed out, materiality and reliance are essential elements to Plaintiff's equitable defenses of intentional or negligent misrepresentation.  Reliance is also an essential element of equitable estoppel.  The Court concludes on this record that Plaintiff has not established a jury question as to materiality and reliance.  Accordingly, the Court concludes Plaintiff's defenses of intentional or negligent misrepresentation and equitable estoppel fail as a matter of law.

   **2.    Breach of Agreement**

   **a.    Material Breach**

         Plaintiff also argues the Agreement is not
enforceable because Defendant's failure to provide a DRP
constitutes a material breach of the Agreement.

         A breach is material when it is "so substantial
and important as in truth and in fairness to defeat the essential
purpose of the parties." *Weaver v. Williams*, 211 Or. 668, 676-77
(1957)(citations omitted). *See also Koch v. Sky Tech, Inc*., 263
Or. 425, 434 (1972)("In order to justify the rescission of a
contract, a breach thereof must touch the fundamental purposes of
the contract.").

         Here the "essential purpose" of the Agreement was
for Defendant to employ Plaintiff and for Plaintiff to work for
Defendant as a security guard.  The parties performed that common
purpose from the time the parties entered into the Agreement to
the date that Defendant terminated Plaintiff.  As noted,
Plaintiff has not offered evidence or even alleged he would not
have entered into or performed under the Agreement if he had
known Defendant did not have a DRP.  A reasonable jury,
therefore, could not conclude on this record that the fact that
Defendant did not have a DRP in place defeated the "essential
purpose" of the Agreement.

         Accordingly, the Court concludes Plaintiff has not

established a genuine dispute of material fact exists as to
Plaintiff's defense that Defendant's failure to have a DRP in
place was a material breach of the Agreement.

> **b.   Breach of the Duty of Good Faith and Fair
> Dealing**

Plaintiff also appears to assert that Defendant
breached its duty of good faith and fair dealing by failing to
provide a DRP.

In Oregon "there is an obligation of good faith in
the performance and enforcement of every contract." *Ivanov v.
Farmers Ins. Co. of Oregon,* 344 Or. 421, 430 (2008)(*quoting Best
v. U.S. Nat'l Bank*, 303 Or. 557, 561 (1987)).  "The purpose of
the good faith doctrine is to prohibit improper behavior in the
performance and enforcement of contracts." *Best*, 303 Or. at 562.
"Good faith performance or enforcement of a contract emphasizes
faithfulness to an agreed common purpose and consistency with the
justified expectations of the other party." *Id.* at 562-63.

As noted, the essential or "agreed common" purpose
of the Agreement was for Defendant to employ Plaintiff rather
than to ensure that Defendant provide a DRP.  As also noted,
Plaintiff has not established he inquired about a DRP before he
entered into the Agreement or attempted to invoke a DRP before
filing this lawsuit against Defendant.

Accordingly, the Court concludes Plaintiff has not
shown a genuine dispute of material fact exists as to his defense

22 - OPINION AND ORDER

of breach of the duty of good faith and fair dealing.

**D.    Defense to Enforcement of Statute of Limitations Based on Improper Discovery Practices**

In his Supplemental Memorandum Plaintiff contends Defendant should be estopped from asserting the 180-day statute-of-limitations defense because Defendant "waited to produce a copy of the employment agreement at issue until 301 days after [fP]laintiff was terminated."  Pl.'s Supple. Mem. at 1. Plaintiff contends he missed the 300-day statute of limitations for filing claims against Defendant with the EEOC as a result of Defendant's allegedly late production of a copy of the Agreement.

As noted, Plaintiff agrees the state claims alleged in his Complaint do not arise under any statutes enforced by the EEOC.  Accordingly, pursuant to the Agreement Plaintiff was required to file this action no later than February 11, 2013, but Plaintiff filed this action in state court on February 13, 2013; *i.e.,* two days after the Agreement's six-month statute of limitations on non-EEOC claims had expired.

Plaintiff does not contend his state-law claims would not have been time-barred if Defendant had produced a copy of the Agreement sooner.  Plaintiff instead contends he could have preserved his Title VII claims by filing a charge with the EEOC if he had received a copy of the Agreement earlier.  The Court has already concluded this argument with respect to Plaintiff's Motion (#37) for Leave to Amend is without merit, and, in any

23 - OPINION AND ORDER

event, it does not have any bearing on the issue before the Court

on Defendant's Motion:  Whether Plaintiff's non-EEOC claims are

time-barred under the terms of the Agreement.

Accordingly, the Court concludes Plaintiff's estoppel

argument based on Defendant's alleged late production of the

Agreement is not applicable.


## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion

(#12) for Summary Judgment and **DISMISSES** this matter **with**

**prejudice.**

IT IS SO ORDERED.

DATED this 19th day of February, 2014.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge